09-5158-cv
Laborers Int'l Union of North America, Local 210 v. McKinney Drilling Co.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of August, two thousand ten.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges.*

------------------------------------------------------------
LABORERS INTERNATIONAL UNION OF
NORTH AMERICA, LOCAL 210,
        *Plaintiff-Appellant,*

v.                                                                          No. 09-5158-cv

MCKINNEY DRILLING COMPANY,
        *Defendant-Appellee.*
------------------------------------------------------------

APPEARING FOR PLAINTIFF-APPELLANT:    JOHN M. LICHTENTHAL, Lipsitz Green Scime Cambria LLP, Buffalo, New York.

APPEARING FOR DEFENDANT-APPELLEE:    MARK MOLDENHAUER (Robert A. Doren, *on the brief*), Bond, Schoeneck & King, PLLC, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the November 13, 2009 judgment of the district court is AFFIRMED and defendant's motion for sanctions is DENIED.

Plaintiff Laborers International Union of North America, Local 210 ("Local 210") appeals from an award of summary judgment in favor of defendant McKinney Drilling Company ("McKinney") in this action under section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, (1) to enforce a grievance against McKinney for failing to make certain payments to Local 210 for work allegedly covered by a collective bargaining agreement ("CBA") between the parties but performed by members of another union, or, alternatively, (2) for a court determination that McKinney's conduct breached the CBA. In defending the award, McKinney moves for sanctions pursuant to Fed. R. App. P. 38 and 28 U.S.C. § 1927. We review an award of summary judgment de novo, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). We will award sanctions for pursuit of an appeal only if the appellant acted in bad faith vexatiously to multiply proceedings, see In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000) (discussing § 1927 standard), or pursued a patently frivolous appeal, see In re Drexel Burnham Lambert Group Inc., 995 F.2d 1138, 1147 (2d Cir. 1993)

2

(discussing Rule 38 standard). We assume the parties' familiarity with the facts and procedural history of this and related cases between them, see, e.g., Construction Indus. Emp'rs Ass'n v. Local Union No. 210, Laborers Int'l Union of N. Am. ("McKinney I"), 580 F.3d 89 (2d Cir. 2009), which we reference only as necessary to explain our decision to affirm.

1.    Claim for Enforcement

Local 210 submits that the district court erred in granting McKinney summary judgment on its enforcement claim on the ground that the parties' dispute is jurisdictional and, therefore, not subject to the grievance procedures established by the CBA. Local 210 does not – and cannot – contend that the parties' CBA, in all its iterations, does not expressly exclude jurisdictional disputes from the grievance process. Rather, it contends that the parties' dispute is not jurisdictional because Local 210 does not seek to have work taken from another union; it seeks only "to enforce those provisions of its CBA with McKinney relating to the preservation of the Union's work and the enforcement of its representational rights vis-à-vis workers engaged in caisson work, whoever they may be." Appellant's Br. at 15. To state the claim is to defeat it. A union's action to enforce the terms of its CBA with respect to work performed by a non-union member is necessarily a claim for the work. See Laborers Int'l Union of N. Am., Local 113 v. Super Excavators, Inc., 338 N.L.R.B. 472, 474-75 (2002); see also Local 30, United Slate, Tile & Composition Roofers Ass'n, v. NLRB, 1 F.3d 1419, 1427 (3d Cir. 1993) ("The distinction . . . between seeking the work and seeking

3

payment for the work is ephemeral."). And when the work at issue is performed by members of a different union, the enforcement claim presents a jurisdictional dispute. See Laborers' Int'l Union of N. Am., Local 931 v. Carl Bolander & Sons Co., 305 N.L.R.B. 490, 491 (1991). Because we agree with the district court that the decision Local 210 seeks to enforce concerns a jurisdictional dispute expressly excluded from grievance by the parties' CBA, we conclude that there was no basis for enforcement, and that summary judgment on this claim was correctly entered in favor of McKinney.

2.  Breach of Collective Bargaining Agreement

Local 210 asserts that, even if its grievance decision is not enforceable, the district court erred in dismissing its breach of contract claim because the court could have resolved the jurisdictional dispute underlying the claim. Assuming such authority, which neither party disputes, we are not persuaded because the record fails to reveal a triable issue of fact on the jurisdictional point. McKinney presented evidence that the CBA did not encompass the relevant caisson work, and Local 210 failed to adduce any evidence that, even when viewed in the light most favorable to the union, "would be sufficient to support a jury verdict in its favor." Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002). The CBA language cited by Local 210 does not, by its terms, encompass caisson work, and McKinney presented evidence that such language generally is understood not to encompass that work. See generally 20 Williston on Contracts § 55:20 (4th ed. 2004) ("[A] court should seek to ascertain the meaning of a collective bargaining agreement not only by viewing the

4

language used by the parties to the collective bargaining agreement, but also by considering the parties' past interpretations and practices."). Notably, Local 210 has entered other bargaining agreements whose terms explicitly reference such caisson work. Meanwhile, Local 210 has never performed caisson work under the CBA here at issue. To the extent Local 210 attempts to create an issue of fact by challenging this second point, it offers no persuasive reason why it should not be estopped from doing so by our prior decision in McKinney I, holding that Local 210 had never performed caisson work under that CBA. See Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 918 (2d Cir. 2010) (noting that collateral estoppel "bars a plaintiff from relitigating an issue that has already been fully and fairly litigated in a prior proceeding" (emphasis omitted)). In any event, the evidence of past caisson work is insufficient to raise a triable question of fact because it is based on a nineteen-year-old observation by an individual who cannot state that the work was actually performed under a collective bargaining agreement. Accordingly, because Local 210 has failed to raise a triable issue of fact respecting its entitlement to caisson work, McKinney was entitled to summary judgment on the claim of breach.

5

3.    Sanctions

Finally, we deny McKinney's motion for an award of appellate sanctions because Local 210's arguments, while unsuccessful, are not so frivolous or indicative of bad faith as to warrant sanctions.  In re Drexel Burnham Lambert Group Inc., 995 F.2d at 1147; see also In re 60 E. 80th St. Equities, Inc., 218 F.3d at 115.  We note, however, that the question of sanctions is a close one and that Local 210's continued persistence in litigating its dispute with McKinney about the award of caisson work to another union could justify the imposition of future sanctions.

We have considered the parties' other arguments and find them to be without merit. Accordingly, the November 13, 2009 judgment of the district court is AFFIRMED, and plaintiff's motion for sanctions is DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court