09-3613-cv
Kennedy v. Related Mgmt.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of December, two thousand ten.

PRESENT:     REENA RAGGI,
             DEBRA ANN LIVINGSTON,
             DENNY CHIN,
                  *Circuit Judges*.

-----------------------------------------------------------------------

JOHN FITZGERALD KENNEDY, HILDA KENNEDY,
WILLIAM HENRY KENNEDY,

                  *Plaintiffs-Appellants*,

        v.                                      No. 09-3613-cv

RELATED MANAGEMENT, THE RELATED
COMPANIES,

                  *Defendants-Appellees*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANTS:     PAUL  BENJAMIN DALNOKY, Esq., New York, New York.

APPEARING FOR APPELLEES:     STEVEN H. KAPLAN (Warren A. Herland, *on the brief*), Jones Hirsch Connors & Bull P.C., New York, New York.

Appeal from the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on July 24, 2009, is AFFIRMED.

Plaintiffs John Fitzgerald Kennedy, who has Acquired Immune Deficiency Syndrome ("AIDS"), his wife Hilda Kennedy, and their adult son William Henry Kennedy, appeal from an award of summary judgment in favor of defendants Related Management and The Related Companies ("Related"), dismissing plaintiffs' claims that they were denied rental housing due to John Kennedy's illness in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq., and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq. See Kennedy v. Related Mgmt., No. 08 Civ. 3969, 2009 WL 2222530 (S.D.N.Y. July 23, 2009). We review an award of summary judgment de novo, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2). We assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

2

Plaintiffs' FHA and NYSHRL discrimination claims are subject to the familiar burden shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).  See Mitchell v. Shane, 350 F.3d 39, 47 & n.4 (2d Cir. 2003). Neither party disputes that plaintiffs established a prima facie case of discrimination.  See Kennedy v. Related Mgmt., 2009 WL 2222530, at *4-5.  Rather, plaintiffs argue that (1) Related failed sufficiently to articulate a non-discriminatory reason for rejecting plaintiffs' housing application; and, (2) even if Related did articulate such a reason, questions of fact exist concerning whether the proffered reason was a pretext for illegal discrimination.  Both arguments lack merit.

1.    Non-Discriminatory Reason

Related articulated a non-discriminatory reason for rejecting plaintiffs' application: plaintiffs "failed to supply accurate, complete, and consistent information concerning their income."  Kennedy v. Related Mgmt., 2009 WL 2222530, at *5.[1]  Plaintiffs contend that this fails to satisfy Related's step-two burden because the company's internal rules do not allow tenant applications to be rejected on that basis.  Plaintiffs offer no evidentiary support for this contention; rather, they challenge the submissions Related offered to support its policy of

_____

[1] Although plaintiffs contend that John Kennedy was not required to submit information about his wife's income to the New York City Human Resources Administration, the record is to the contrary.  Even if John Kennedy's reporting obligations in this regard were unclear, plaintiffs point to nothing in the record indicating that Related's proffered reason was not bona fide.  See Obabueki v. Int'l Bus. Machs. Corp., 145 F. Supp. 2d 371, 386-87 (S.D.N.Y. 2001), aff'd, 319 F.3d 87, 88 (2d Cir. 2003) (per curiam).

3

rejecting applicants who provide false or incomplete information to third parties, which in plaintiffs' case related to income information provided to the New York City Human Resources Administration. This argument misperceives Related's step-two burden. At that stage, we do not decide whether a defendant's proffer is credible or convincing. We ask only whether defendant has adduced evidence that, "'taken as true, would permit the conclusion that there was a nondiscriminatory reason.'" Holcomb v. Iona Coll., 521 F.3d 130, 141 (2d Cir. 2008) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509 (1993) (emphasis in Hicks)). Related has more than satisfied that burden here.

2.    Pretext

Plaintiffs argue that questions of fact nevertheless persist as to whether Related's proffered non-discriminatory reason was a pretext for illegal discrimination because: (1) the reason did not comply with Related's internal rules, (2) Related applied greater scrutiny to applications from people receiving public assistance, and (3) Related proffered "shifting" reasons for rejecting plaintiffs' application. We disagree.

Plaintiffs' first contention is entirely conclusory and lacks any support in the record, as we have already explained in rejecting their step-two challenge. Indeed, the challenged action appears to have been authorized by a general provision of Related's tenant selection plan requiring rejection of applicants who provide false information. Plaintiffs' second contention is similarly deficient. The record indicates that Related afforded plaintiffs'

4

application priority due to Mrs. Kennedy's visual impairment, but otherwise conducted a review consistent with that of all applications. Indeed, uncontested evidence establishes that, upon plaintiffs' appeal of their rejection to the New York City Department of Housing Preservation and Development, that agency identified nothing improper in Related's review of plaintiffs' application.

In support of their third contention, plaintiffs rely on Carlton v. Mystic Transportation, Inc., 202 F.3d 129, 137 (2d Cir. 2000) (holding that defendant's proffer during litigation of non-discriminatory reason disclaimed in administrative proceedings raised genuine issue of material fact with regard to veracity of former), and EEOC v. Ethan Allen, Inc., 44 F.3d 116, 120 (2d Cir. 1994) (identifying fact issue where defendant offered contradictory reasons seriatim during course of administrative investigation). These cases are not analogous to the circumstances at issue here, however, because plaintiffs have adduced no comparable evidence of Related's reliance on inconsistent reasons for their challenged decision. Drawing all reasonable inferences in their favor, plaintiffs' evidence – a single underlined phrase in an initial form letter rejecting their application – at best demonstrates ambiguity as to Related's rationale. Any such ambiguity is dispelled, however, by Related's uncontested evidence indicating that the form letter was underlined inadvertently and that Related explained its reason for rejecting plaintiffs' application consistently thereafter on at least two occasions. In short, the totality of the evidence, which included an admission by John

5

Kennedy that he did not believe his application was rejected due to his illness, would not permit any reasonable jury to conclude that Related's proffered reason for rejecting plaintiffs' application was a pretext for illegal discrimination. Moreover, even if we were to assume that Related's asserted reason was pretextual, there is no evidence in the record from which a reasonable jury could find that it was a pretext to hide a discriminatory motive. See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981) (plaintiffs bear the ultimate burden of demonstrating that "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination).

We have considered plaintiffs' other arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court entered on July 24, 2009, is hereby AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6