10-2163-cv
Cunningham v. N.Y. State Dept. of Labor, et. al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of May, two thousand eleven.

Present:     JON O. NEWMAN,
             GUIDO CALABRESI,
             PETER W. HALL,
                        *Circuit Judges.*

———————————————————————————————————

MICHAEL CUNNINGHAM,

          *Plaintiff-Appellant*,

          v.                                          No. 10-2163-cv

NEW YORK STATE DEPARTMENT OF LABOR,
LINDA ANGELLO, MARY HINES, and PATRICIA
RHODES-HOOVER,

          *Defendants-Appellees.*

———————————————————————————————————

FOR APPELLANT:     KENNETH G. VARLEY, Donahue, Sabo, Varley & Huttner, LLP,
                   Albany, NY.

FOR APPELLEES:     ANDREW B. AYERS, Assistant Solicitor General (Barbara D.
                   Underwood, Solicitor General, and Andrea Oser, Deputy Solicitor
                   General, *of counsel*) *for* Eric T. Schneiderman, Attorney General
                   for the State of New York, Albany, NY.

———————————————————————————————————

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).  **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED**, that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff Michael Cunningham appeals from a final judgment entered by the district court (Hurd, *J.*), granting summary judgment in favor of New York State Department of Labor ("NYSDOL"), a former commissioner of NYSDOL, Linda Angello, a former Deputy Commissioner for Administration, Mary Hines, and a former senior attorney in the General Counsel's office, Patricia Rhodes-Hoover (collectively, "defendants").  Cunningham filed suit in 2005 asserting claims against: (1) NYSDOL for unlawful discrimination based on gender and race, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*; (2) all of the defendants for unlawful discrimination based on gender and race and retaliation in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq*.; and (3) Angello, Hines, and Rhodes-Hoover[1] for deprivation of equal protection, due process, and First Amendment retaliation in violation of 42 U.S.C. § 1983 ("Section 1983").  On the initial appeal, this Court affirmed the district court's original grant of summary judgment on the discrimination claims, but remanded Cunningham's Title VII and First Amendment retaliation claims because the district court did not distinguish between the "adverse employment action" standards specific to each claim.  *See Cunningham v. N.Y. State Dep't. of Labor*, 326 F. App'x 617, 620-21 (2d. Cir. 2009) (unpublished summary order).  Cunningham's present appeal is from the district court's

_____

[1]  Rhodes-Hoover was a senior attorney in the NYSDOL's Counsel office at the time Cunningham filed suit.  She is not mentioned in Cunningham's brief to this Court, and according to the NYSDOL's brief, even though Rhodes-Hoover is a named defendant, Cunningham "no longer alleges that she was involved in any wrongdoing."

grant of summary judgment following remand.  We assume the parties' familiarity with the

additional relevant facts and procedural history of the case.

We review *de novo* an appeal from an order granting summary judgment, "resolving all

ambiguities and drawing all permissible factual inferences in favor of the party against whom

summary judgment is sought."  *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal

quotation marks omitted).  Summary judgment is appropriate "if the movant shows that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a).  For summary judgment purposes, a "genuine issue" exists where

the evidence is such that a reasonable jury could decide in the non-moving party's favor.

*Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000).

I.      Title VII Retaliation

Cunningham's Title VII retaliation claim is governed by the three-step burden shifting

analysis from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under this familiar

framework, the plaintiff bears the initial burden of proving a prima facie case of retaliation by

showing:  (1) he participated in a protected activity; (2) he suffered an adverse employment

action; and (3) a causal connection exists between his engaging in the protected activity and the

adverse employment action.  *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir.

2010).  After a prima facie case is made, the burden shifts to the employer to articulate a

legitimate, non-retaliatory reason for the adverse employment action, which, if proffered, places

the burden on the plaintiff to demonstrate that the proffered reason is a pretext for unlawful

retaliation.  *See McDonnell Douglas Corp.*, 411 U.S. at 802-04.

Even assuming *arguendo* that Cunningham could produce sufficient evidence to establish a prima facie case of retaliation under Title VII, we hold that Cunningham has failed to offer evidence from which a reasonable jury could infer that NYSDOL's legitimate, non-retaliatory reason for the alleged adverse employment action—e.g., docking Cunningham two hours of pay following an investigation which revealed he did not in fact work for those two hours—was a pretext for retaliation. Thus, because NYSDOL advances a legitimate, non-retaliatory reason for Cunningham's docked pay and his other allegations and because Cunningham offers nothing more than his own conclusory allegations to challenge this reason or meet his ultimate burden of proving retaliation, we affirm the district court's grant of summary judgment on this claim. *See D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998) (holding that party opposing summary judgment "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful").

II.     First Amendment Retaliation

To establish a First Amendment claim of retaliation, a public employee must show that "(1) his speech addressed a matter of public concern; (2) he suffered an adverse employment action; and (3) a causal connection between the speech and the adverse employment action." *Singh v. City of New York,* 524 F.3d 361, 372 (2d Cir. 2008).

Cunningham's First Amendment claim is unavailing. He submits that NYSDOL docked him two hours of pay for complaining to the press about Hines' e-mail inviting NYSDOL employees to a prayer breakfast in New York City. "Even if the plaintiff demonstrates [the three factors supporting a First Amendment retaliation claim], the defendant can still prevail on a motion for summary judgment if it can show that it would have taken the same adverse

employment action 'even in the absence of the protected conduct.'" *Cotarelo v. Vill. of Sleepy Hollow Police Dep't*, 460 F.3d 247, 251-52 (2d Cir. 2006) (quoting *Blum v. Schlegel*, 18 F.3d 1005, 1010 (2d Cir. 1994)). Assuming, without deciding, that Cunningham engaged in protected conduct, we conclude that Cunningham has failed to offer evidence from which a reasonable jury could infer that NYSDOL's evidence that it would have docked him two hours of pay "even in the absence of the protected conduct" was a pretext for retaliation. Thus, the district court properly granted summary judgment on this claim.

III.     Conclusion

We have considered Cunningham's other arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.


                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK