James R. HEAD, Plaintiff–Appellant,

v.

ELI LILLY & COMPANY,
Defendant–Appellee.

No. 09–4455–cv.

United States Court of Appeals,
Second Circuit.

Oct. 4, 2010.

Lowell W. Finson, Phillips & Associates, Phoenix, AZ, for Plaintiff–Appellant.

Nina M. Gussack (Andrew R. Rogoff and Eric Rothschild, on the brief), Pepper Hamilton LLP, Philadelphia, PA. for Defendant–Appellee.

PRESENT: WALKER, JOSÉ A. CABRANES and CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant James R. Head appeals from a judgment of the District Court granting the motion for summary judgment of defendant-appellee Eli Lilly and Company ("Eli Lilly") in a claim for personal injury damages allegedly caused by Zyprexa, an antipsychotic medication manufactured by Eli Lilly. Head, who suffers from bipolar disorder, was treated with Zyprexa consistently between October 1997 and mid–2003. After a brief hiatus, Head resumed treatment with Zyprexa in July 2004 and continued treatment until shortly after he was diagnosed with diabetes in November 2005. Head asserts that Zyprexa caused his diabetes and that he would not have been prescribed Zyprexa had Eli Lilly properly warned of the drug's dangers. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review orders granting summary judgment *de novo*, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Redd v. Wright*, 597 F.3d 532, 535–36 (2d Cir.2010).

In order to establish a claim based on a manufacturer's failure to warn under Arizona law,[1] Head must demonstrate that Eli Lilly's failure to warn of the potential risks associated with Zyprexa was the proximate cause of his injury. *Southwest Pet Prods., Inc. v. Koch Indus., Inc.*, 273 F.Supp.2d 1041, 1062 (D.Ariz.2003) (concluding that summary judgment in defendant's favor was warranted where plaintiff "failed to demonstrate that any failure to warn was a proximate cause of [its] injury."). Moreover, Arizona law recognizes the "learned intermediary" exception in failure-to-warn cases: "the manufacturer's duty to warn is ordinarily satisfied if a proper warning is given to the specialized class of people that may prescribe or administer the product." *Piper v. Bear Med. Sys., Inc.*, 180 Ariz. 170, 178, 883 P.2d 407, n. 3 (Ariz.Ct.App. 1993). Arizona applies a "heeding presumption" in failure-to-warn cases that "reduces" the plaintiff's "burden of proving that the manufacturer's failure to issue an adequate warning proximately caused the injury at issue" by "shift[ing] the burden

---

1. It is undisputed that Arizona's substantive law and statute of limitations rules govern this action, which was filed in and which arises from events occurring almost exclusively in Arizona and was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation. *See Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir.1993) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)).

of production to the manufacturer." *Golonka v. Gen. Motors Corp.*, 204 Ariz. 575, 580, 65 P.3d 956 (Ariz.Ct.App.2003). If the manufacturer meets its burden "by introducing evidence that would permit reasonable minds to conclude that" an adequate warning would not have changed the treatment decision, "the presumption is destroyed" and the plaintiff must produce affirmative evidence that the allegedly inadequate warning proximate caused his or her injury. *Id.* at 590–91. As a result, where the presumption is destroyed summary judgment is warranted under the learned intermediary doctrine unless the plaintiff can demonstrate "that had a proper warning been given," the prescribing physician would have acted differently— *i.e.*, that the plaintiff "would not have used the product in the manner which resulted in his injury." *Dole Food Co. v. N.C. Foam Indus.*, 188 Ariz. 298, 305, 935 P.2d 876 (Ariz.Ct.App.1996).

After *de novo* review, we conclude that summary judgment was properly granted to Eli Lilly. In light of the fact that Zyprexa—in contrast to other medications—effectively controlled the symptoms of Head's serious psychiatric conditions, and that one of Head's doctors prescribed Zyprexa with knowledge that the drug carried metabolic risks, Eli Lilly has met its burden of production under Arizona law. In addition, as the District Court determined, Head lacks any evidence that his treating psychiatrists would have altered their decision to prescribe Zyprexa had a different warning been provided by Eli Lilly. Accordingly, Head has failed to establish that Eli Lilly's allegedly inadequate warnings regarding the potential risks associated with Zyprexa were the proximate cause of his diabetic condition.

## CONCLUSION

We have considered each of Head's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.