11-3056-cv
*Shepherd v. Eli Lilly and Company*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of September, two thousand twelve.

PRESENT:

> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> ROBERT A. KATZMANN,
>
> *Circuit Judges.*

---

CHRISTOPHER SHEPHERD,

> *Plaintiff-Appellant,*

v.                                                                  No. 11-3056-cv

ELI LILLY AND COMPANY

> *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Paul T. Boudreaux, Richardson Richardson Boudreaux Keesling, PLLC, Tulsa, OK. |
| **FOR DEFENDANT-APPELLEE:** | Adam B. Michaels, Nina M. Gussack, and Hyung P. Steele, Pepper Hamilton LLP, New York, NY and Philadelphia, PA. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 28, 2011 is **AFFIRMED**.

Plaintiff-appellant Christopher Shepherd appeals from an award of summary judgment in favor of defendant Eli Lilly & Co. ("Eli Lilly"). In this action, Shepherd is seeking compensation for personal injuries allegedly caused by Zyprexa, a drug manufactured by Eli Lilly.

We review an order granting summary judgment *de novo* and "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)); FED. R. CIV. P. 56. We assume the parties' familiarity with the facts of prior proceedings in this action, which we reference only as necessary to explain our decision to affirm.

### BACKGROUND

Shepherd, a resident of Oklahoma, commenced this action against Eli Lilly in the Eastern District of Oklahoma on February 11, 2010. The case subsequently was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation. The parties agree that Oklahoma law governs Shepherd's claims.

Zyprexa was first prescribed to Shepherd in 1997, and he took the drug (albeit not continually) until he was diagnosed with diabetes in 2009.

In 2003, the Food & Drug Administration ("FDA")—after analyzing the increased incidents of diabetes in patients using certain antipsychotic drugs, including Zyprexa—announced that it would require labels of these antipsychotic drugs, including Zyprexa, to include a warning about the risks of hyperglycemia and diabetes mellitus. *Head v. Eli Lilly & Co.*, 649 F. Supp. 2d 18, 25 (E.D.N.Y. 2009), *aff'd*, 394 F. App'x 819 (2d Cir. 2010). Eli Lilly added the required language to Zyprexa's label on September 16, 2003 and issued a press release that same day. *Id.* On March 1, 2004, Eli Lilly sent a "Dear Doctor" letter to physicians in the United States informing them of the 2003 label change.

In July 2005, Shepherd's doctor, Dr. Steven Delia, advised him of the risk that Zyprexa might cause diabetes. Afterwards, Shepherd was taken off Zyprexa for a three-week period. The replacement drug, Seroquel, did not treat his symptoms adequately, and he was placed back on Zyprexa within three weeks.

2

In March 2006, Shepherd began treatment at a different facility and under a different doctor, Dr. Bradley McClure. After Shepherd complained that his bipolar disorder had been "out of control," Dr. McClure increased his dosage of Zyprexa because he determined that the risks were outweighed by the benefits. He also prescribed that Shepherd's blood glucose levels be monitored, and he communicated to Shepherd the risks associated with Zyprexa.

In 2009, Shepherd was diagnosed with diabetes. Shortly thereafter, Dr. McClure stopped prescribing Zyprexa to Shepherd and prescribed him another drug, Geodon.

## DISCUSSION

To prevail on a failure-to-warn claim under Oklahoma law, "a plaintiff must establish both cause-in-fact (that the product in question caused the injury) and proximate cause (that the manufacturer of the product 'breached a duty to warn of possible detrimental reactions')." *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001) (quoting *McKee v. Moore*, 648 P.2d 21, 23-24 (Okla. 1982)). Under the "learned intermediary doctrine," a drug manufacturer is shielded from liability "if the manufacturer adequately warns the *prescribing physicians* of the dangers of the drug." *Edwards v. Basel Pharm.*, 933 P.2d 298, 300 (Okla. 1997).

Oklahoma law also applies a "heeding presumption" in failure-to-warn cases in favor of plaintiffs: "[w]here a consumer, whose injury the manufacturer should have reasonably foreseen, is injured by a product sold without a required warning, a rebuttable presumption will arise that the consumer would have read any warning provided by the manufacturer, and acted so as to minimize the risks." *Cunningham v. Charles Pfizer & Co.*, 532 P.2d 1377, 1382 (Okla. 1974) (quoting *Reyes v. Wyeth Labs.*, 498 F.2d 1264, 1281 (5th Cir. 1974)). This presumption "applies equally to the situation of 'learned intermediaries' . . . ." *Woulfe v. Eli Lilly & Co.*, 965 F. Supp. 1478, 1483 (E.D. Okla. 1997). Defendants can rebut this presumption by showing that the prescribing doctor had knowledge of the risks associated with a particular drug. *Id.*

After *de novo* review, we conclude that summary judgment was properly granted in favor of Eli Lilly. The District Court properly determined that the company had overcome the "heeding presumption" because, on March 1, 2004, it had sent the "Dear Doctor" letter to physicians in the United States informing them of the 2003 label change that included the warnings about diabetes. In these circumstances, the District Court was correct to conclude that Eli Lilly could not be liable under a failure-to-warn theory after that date.

Shepherd argues, however, that the District Court erred by finding that no jury could reasonably conclude that his injuries were caused by residual effects of his Zyprexa usage before 2004. But Shepherd's own causation expert, Dr. David Garner, concluded that his diabetes was

3

caused by the Zyprexa he took from 2006 to 2009 and that when he started taking Zyprexa again in March 2006, "there [wa]s no indication that he had diabetes, took any diabetic medications, or had any problems with high glucose levels." Moreover, there is no indication that Shepherd's physicians would have changed their treatment decisions between 2000 and 2004, especially considering that after 2004, Shepherd's physicians placed him back on Zyprexa after taking him off the drug for a three-week period and later increased his Zyprexa dosage. *See Head*, 394 F. App'x at 819. On this record, no reasonable jury could conclude that Shepherd's injuries were caused by taking Zyprexa before Eli Lilly had warned Shepherd's physicians of the risks associated with Zyprexa in 2004.

## CONCLUSION

We have considered all of Shepherd's arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the judgment of the District Court.


FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court