11-3466-cv
*Augie Hasho & Assocs., Inc. v. Bank of American Nat'l Ass'n*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand and twelve.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AUGIE HASHO & ASSOCIATES, INC.,

> *Plaintiff-Appellant,*

> -v.-                                            No. 11-3466-cv

BANK OF AMERICA NATIONAL ASSOCIATION,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**    JULES D. ZALON, Law Offices of Jules D. Zalon, West Orange, NJ.

**FOR DEFENDANT-APPELLEE:**    BARRY J. GLICKMAN, Zeichner Ellman & Krause LLP, New York, NY.

Appeal from an August 4, 2011 judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 4, 2011 judgment of the District Court be **AFFIRMED**.

Augie Hasho & Associates, Inc. ("Hasho") appeals from an order of the District Court granting summary judgment to Bank of America National Association ("BOA") on Hasho's claim for breach of contract. We review an order granting summary judgment *de novo* and "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)). We assume familiarity with the underlying facts and procedural history of this case.

The essential and undisputed facts of the case are as follows. In 1994, one of BOA's predecessor banks, National Westminster Bank USA ("NatWest"), leased space for a new bank from 150 Broadway N.Y. Associates, L.P. ("150 Broadway") for a term of fifteen years, with two five-year options to renew. At that time, Hasho, which assisted NatWest in its search for commercial space, entered into a Commission Agreement with 150 Broadway. Under the terms of the Commission Agreement, 150 Broadway agreed to pay Hasho the commission for its services in connection with the signing of the fifteen-year lease and an additional commission in the event that NatWest exercised either or both of its five-year options. That Commission Agreement—between only Hasho and 150 Broadway—also provided that, if 150 Broadway failed to pay Hasho its commission, NatWest would pay the commission and offset that payment against its rent.

However, in relevant part, the actual lease between NatWest and 150 Broadway reads:

> In the event of a failure on the part of [150 Broadway] to pay to [Hasho] the commission due and payable in connection with the execution and delivery of this Lease, which failure is not cured by [150 Broadway] within fifteen (15) days after the receipt by [150 Broadway] of a notice of default from [Hasho], then in such event [NatWest] may (*but shall not be obligated to*) pay the brokerage commission then due and owing to [Hasho] and offset the amount of such payment against the rent and additional rent due and payable to [150 Broadway] hereunder.

Joint App'x 79 (emphasis added).

At some time before the expiration of the initial fifteen-year term, 150 Broadway and BOA—having acquired NatWest in the interim—entered into a new lease. When Hasho discovered that a new lease had been signed, it sought a commission from 150 Broadway for the exercise of a five-year option. After some negotiation, 150 Broadway refused to pay the commission. Hasho then turned to BOA for the unpaid commission, ultimately bringing suit and alleging that "[b]oth an implied and an express contract existed between NatWest and plaintiff, pursuant to which NatWest agreed to pay plaintiff its

standard commission." Joint App'x 8. On August 3, 2011, the District Court granted summary judgment to BOA.

On appeal, Hasho makes a number of arguments, all of which boil down to the basic contention that Hasho served as NatWest's broker and BOA is therefore obligated to pay the brokerage commission. As the District Court explained in its clear and concise Opinion and Order, however, there is no evidence from which a reasonable factfinder could conclude that any express or implied contract rendered NatWest, or now BOA, liable for the commission. Instead, there exists a perfectly transparent Commission Agreement between Hasho and 150 Broadway requiring *150 Broadway* to pay Hasho any commission relating to the underlying lease.

Although the Commission Agreement also purports to assign responsibility for payment to NatWest in the event of 150 Broadway's default, NatWest was not a party to this agreement. The only agreement to which NatWest was a party, the lease, provides merely that NatWest "may (but shall not be obligated to)" pay Hasho's commission. Neither of these contracts creates an enforceable obligation on the part of NatWest to pay the commission.

## CONCLUSION

Substantially for the reasons stated by the District Court in its careful and comprehensive Opinion and Order dated August 3, 2011, we **AFFIRM** the August 4, 2011 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3