12-1750-cv
Faruki v. City of New York, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                          <u>Chief Judge</u>,
          AMALYA L. KEARSE,
          SUSAN L. CARNEY,
                          <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

KAMILA S. FARUKI,
          <u>Plaintiff-Appellant</u>,

          -v.-                                             12-1750-cv

CITY OF NEW YORK; RAYMOND KELLY,
Commissioner; NEW YORK CITY POLICE
DEPARTMENT; P.O. MELENDEZ, (Tax
Registry No. 927649); P.O. COLLIN(S);
SGT. KELLER; and P.O. JANE DOE, of
the 19th Precinct,
          <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                    Amy Rothstein, Doar Rieck Kaley
                                  & Mack, New York, New York.

1

**FOR APPELLEE:**                    Michael A. Cardozo (Francis F.
                                     Caputo, Elissa B. Jacobs, and
                                     Karen M. Griffin, on the brief),
                                     Corporation Counsel of the City
                                     of New York, New York, New York.

     Appeal from a judgment of the United States District
Court for the Southern District of New York (Preska, C.J.).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED
AND DECREED** that the judgment of the district court be
**AFFIRMED.**

     Kamila Faruki appeals from the judgment of the United
States District Court for the Southern District of New York
(Preska, C.J.), dismissing her complaint on summary
judgment.  She challenges the dismissal of three claims
brought under 42 U.S.C. § 1983 against New York City Police
Officer Melendez: for false arrest, excessive force, and
malicious prosecution.  We assume the parties' familiarity
with the underlying facts, the procedural history, and the
issues presented for review.

     The Court reviews de novo a decision on a motion for
summary judgment.  Mario v. P&C Food Mkts., Inc., 313 F.3d
758, 763 (2d Cir. 2002); see also Miller v. Wolpoff &
Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).

     1.   Faruki's claim for false arrest fails because
Officer Melendez had probable cause to arrest her for
trespass.  As the district court found, the audio recording
of the third 911 call captures the store employee "asking
[Faruki] to leave the store."  Faruki v. City of New York,
10 Civ. 9614 LAP, 2012 WL 1085533, at *5 (S.D.N.Y. Mar. 30,
2012).  That he did not explicitly ask Melendez to remove
Faruki from the store is irrelevant; he clearly wanted her
out, and she could not have thought otherwise.  Because
"probable cause to arrest constitutes justification and is a
complete defense to an action for false arrest," Weyant v.
Okst, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation
marks omitted), Faruki's claim fails.

     2.   Faruki's excessive force claim fails because
Faruki does not show that Melendez used any degree of force
that was more than necessary to effect a lawful arrest.
Officers are entitled to use some degree of force when

restraining a suspect during an arrest.  See Graham v. Connor, 490 U.S. 386, 396 (1989) ("'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973))).  The amount of force applied in this case was not excessive.

3.  Faruki's malicious prosecution claim also fails because she was not subject to [i] a "deprivation of liberty consistent with the concept of seizure," Washington v. Cnty. of Rockland, 373 F.3d 310, 316 (2d Cir. 2004) (internal quotation marks omitted), [ii] that "resulted from the initiation or pendency of judicial proceedings," Murphy v. Lynn, 118 F.3d 938, 944 (2d Cir. 1997).  The proceedings against Faruki placed no restriction on her other than a requirement that she appear in court on two occasions--an insufficient deprivation of liberty to support a Fourth Amendment malicious prosecution claim.  See Burg v. Gosselin, 591 F.3d 95, 101 (2d Cir. 2010) ("[A] pre-arraignment, non-felony summons requiring no more than a later court appearance does not constitute a Fourth Amendment seizure."); cf. Murphy, 118 F.3d at 942, 946 (concluding that restriction on out-of-state travel and requirement to appear in court eight times constituted sufficient deprivation of liberty for Fourth Amendment purposes).

For the foregoing reasons, and finding no merit in Faruki's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3