12-3570-cv
*Fischer v. City of New York, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand thirteen.

PRESENT:

      JOSÉ A. CABRANES,
      BARRINGTON D. PARKER,
      RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LILLIAN FISCHER,

      *Plaintiff-Appellant,*

      -v.-                                    No. 12-3570-cv

CITY OF NEW YORK, PANEL FOR EDUCATIONAL POLICY, AKA Department of Education of the City of New York, AKA Panel for Educational Policy of the Department of Education, AKA Panel for Educational Policy of the New York City Department of Education, AKA Panel for Educational Policy of the Department of Education of the City of New York, FKA Board of Education of the City School District of The City of New York, FKA Board of Education of the City of New York, AKA New York City Department of Education, AKA Panel for Educational Policy of the City School District of the City of New York, LINDA ALFRED, individually and in her official capacity, ROZ GERMAN, individually and in her official capacity, LYBI GITTENS, individually and in her official capacity, PEGGY LAWRENCE, individually and in her official

1

capacity, JOSEPH BELESI, individually and in his official
capacity, BONNIE LABOY, in her official capacity,

*Defendants-Appellees.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:    Benjamin J. Fischer (Luis A. Pagan, *of counsel*),
                   Law Office of Benjamin J. Fischer, PLLC,
                   Bayside, NY.

FOR DEFENDANTS-APPELLEES:   Francis F. Caputo (Scott Shorr, *of counsel*), *for*
                   Michael A. Cardozo, Corporation Counsel of
                   the City of New York, New York, NY.


Appeal from the judgment of the United States District Court for the Eastern District of New York, entered August 6, 2012 (Sterling Johnson, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 6, 2012 judgment of the District Court be **AFFIRMED**.

Plaintiff Lillian Fischer appeals from an order of the District Court granting summary judgment to defendants the City of New York, the Panel for Educational Policy, Linda Alfred, Roz German, Lybi Gittens, Peggy Lawrence, Joseph Belesi, and Bonnie Laboy (jointly, "New York"). We review an order granting summary judgment *de novo* and "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)). "A defendant is entitled to summary judgment where the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim on which the plaintiffs bear the burden of proof." *Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) (quotation marks and alterations omitted). We assume familiarity with the underlying facts and procedural history of this case.

## BACKGROUND

Fundamentally, this is an employment discrimination suit. Until she was fired in June of 2007, Fischer, who is white and Jewish, worked as a probationary secretary at the Frederick Douglass Academy VI High School ("FDA VI") in Far Rockaway, Queens. She claims, in substance, that (1) she was subjected to a hostile work environment and fired on account of her race and religion; (2)

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

she suffered discrimination on the basis of her race and religion when her supervisor called her while she was "sitting shiva"[1] for her recently deceased mother; (3) her desk was illegally searched for a missing file; (4) she was libeled in her performance reviews; and (5) she was denied various protections required under state law and the Constitution during her post-termination process. On the basis of these allegations, Fischer brought suit pursuant to 42 U.S.C. §§ 1981 and 1983 "for violations of [her] First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights and protections and for tortuous actions taken against [her] including violation of city, state and federal laws." Am. Compl. ¶ 1. On July 31, 2012, the District Court filed a memorandum and order awarding summary judgment to New York on all claims, and dismissing Fischer's suit. Judgment was entered on August 6, 2012.

## DISCUSSION

Fischer's chief arguments on appeal are that (1) the District Court should not have applied the burden-shifting framework set out by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to her discrimination claims because she provided direct evidence of discrimination, *see Maraschiello v. City of Buffalo Police Dep't*, 709 F.3d 87, 93-94 (2d Cir. 2013); and (2) the District Court should not have granted summary judgment because whether Fischer was a tenured secretary rather than a probationary one, and therefore entitled to greater pre-termination process, was a material fact in genuine dispute.

Fischer's first claim, that she has identified direct evidence of invidious discrimination, finds no support in the record. For example, Fischer refers us to the deposition of Linda Alfred, the principal of FDA VI, who hired Fischer. In that deposition, Alfred stated that race "had nothing to do with" her decisions to reprimand or not reprimand employees and that, by way of example, she has "reprimanded Caucasian teachers and Asian teachers. It doesn't have anything to do with it." Joint App'x 523-24. Fischer attempts to twist this denial that race enters into Alfred's decision-making into an admission that Alfred only reprimands white and Asian teachers. We are not convinced. Neither this statement, nor any other we have found in the record, plausibly provides direct evidence from which a reasonable juror could find that New York discriminated against Fischer on the basis of her race or religion. The District Court therefore correctly evaluated Fischer's claims under the *McDonnell Douglas* framework. *See Maraschiello*, 709 F.3d at 93-94; *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1181 (2d Cir. 1992).

Fischer's second claim, that she has raised a genuinely disputed issue of material fact as to her status as probationary or tenured, similarly lacks evidentiary support. Fischer herself stated in her deposition that she understood when she was hired that she was subject to a three-year

---

[1] In Jewish custom, "sitting shiva" refers to observance of the week-long mourning period following the death of a first-degree relative. *See* Sara E. Karesh & Mitchell M. Hurvitz, Encyclopedia of Judaism 473-74 (2006).

probationary period. Joint App'x 229. Indeed, her annual performance reviews for 2005, 2006, and 2007 each were labeled, in bold font with all capital letters, "annual professional performance review and report on *probationary* service of school secretary." *Id.* at 305-08 (emphases altered). Fischer's understanding was in perfect compliance with New York law, which provides for three-year probationary periods for school secretaries in cities, like New York, which have over 1,000,000 inhabitants. *See* N.Y. Educ. Law § 2573(1)(a), (10)(a) (McKinney 2009). It was also in compliance with her collective bargaining agreement. *See* Joint App'x 316. In short, Fischer's assertion in her brief that she was not a probationary secretary does not itself create a genuine dispute as to this fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (explaining that, for a plaintiff to survive a summary judgment motion, "there must be evidence on which the jury could reasonably find for the plaintiff"). No reasonable juror could find that she was not a probationary secretary.

Fischer raises a litany of other arguments, each of which was addressed ably in the District Court's comprehensive and clear opinion. Therefore, substantially for the reasons stated in the District Court's July 31, 2012 memorandum and order, we reject Fischer's remaining arguments as meritless.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the August 6, 2012 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4