09-0708-cv
Burg v. Gosselin

# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

August Term, 2009

(Argued: November 10, 2009     Decided: January 7, 2010)

Docket No. 09-0708-cv

- - - - - - - - - - - - - - - - - - - - -x

JUDITH A. BURG,

Plaintiff-Appellant,

- v.-

COLLEEN GOSSELIN,

Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - -x


Before:        JACOBS, Chief Judge, LEVAL, Circuit Judge, and DANIELS, District Judge.[*]

Appeal from a final judgment of the United States District Court for the District of Connecticut (Hall, J.), dismissing on summary judgment a Section 1983 complaint against a canine control officer.  We affirm on the ground that the issuance of a pre-arraignment, non-felony summons

---

[*] The Honorable George B. Daniels, of the United States District Court for the Southern District of New York, sitting by designation.

requiring a later court appearance, without further restraint, does not constitute a Fourth Amendment seizure.

JOHN R. WILLIAMS, John R. Williams and Associates, LLC, New Haven, CT, for Appellant.

DAVID C. YALE, Noble, Spector & O'Connor, Hartford, CT, for Appellee.

DENNIS JACOBS, Chief Judge:

Judith A. Burg, a dog owner, appeals from a final judgment of the United States District Court for the District of Connecticut (Hall, J.), dismissing on summary judgment her Section 1983 complaint against a canine control officer. The district court held that issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restraint, does not constitute a Fourth Amendment seizure. We agree, and affirm.

**BACKGROUND**

Defendant Colleen Gosselin, a canine control officer in the Connecticut town of East Hampton, received a complaint about Burg's dog. Six days later, on October 26, 2005, Gosselin issued a summons to Burg at her home, requiring Burg to appear in court at a later date. It is not clear

2

whether the dog was trespassing or barking; but Burg's alleged offense, if a first offense, was an infraction.[1] Burg was not handcuffed, removed from her home, restricted from leaving her property, or restricted from travel.

Sometime after November 8, 2005, Burg was arrested for failure to appear, handcuffed, and taken into physical custody.[2] Gosselin was not present at the time of this arrest.

Burg asserts that the underlying charge against her eventually was dismissed. On August 21, 2007, Burg sued

---

[1] The dog's alleged conduct is not set forth in the record or the briefing, and was not clarified at oral argument. The summons indicates a violation of Section 22-363 of the Connecticut General Statutes:

> No person shall own or harbor a dog or dogs which is or are a nuisance by reason of vicious disposition or excessive barking or other disturbance, or, by such barking or other disturbance, is or are a source of annoyance to any sick person residing in the immediate vicinity. Violation of any provision of this section shall be an infraction for the first offense and such person shall be fined not more than one hundred dollars or imprisoned not more than thirty days or both for each subsequent offense and the court or judge may make such order concerning the restraint or disposal of such dog or dogs as may be deemed necessary.

[2] Gosselin explains that the Connecticut Superior Court issued a bench warrant based on Burg's failure to appear and that East Hampton Police Department officers arrested Burg pursuant to that warrant.

Gosselin in her individual capacity pursuant to 42 U.S.C. § 1983, on the ground that Gosselin's issuance of the summons on October 26, 2005 constituted an unreasonable seizure in violation of the Fourth Amendment. Gosselin moved for summary judgment. In a telephone conference on February 12, 2009, the district court orally granted summary judgment on the ground that, as a matter of law, a pre-arraignment, non-felony summons does not constitute a Fourth Amendment seizure.[3] On February 13, 2009, the district court granted final judgment for Gosselin. Burg timely appealed.

## DISCUSSION

"Whether a mere *pre*-arraignment summons constitutes a

---

[3] The district court confirmed with Burg's counsel that Burg did not assert a state law claim for false arrest, a state law claim for malicious prosecution, or a federal law claim for malicious prosecution. Accordingly, the district court characterized Burg's sole claim as an "unreasonable seizure." At oral argument, Burg's counsel reconfirmed that Burg's sole claim is for an unreasonable seizure under the Fourth Amendment premised on the summons's requirement that Burg later appear in court at a specified date and time. Burg thus does not contend that she was detained or seized while Gosselin wrote out the summons on October 26, 2005. See Vasquez v. Pampena, No. 08-CV-4184(JG), 2009 WL 1373591, at *2 (E.D.N.Y. May 18, 2009) (determining that a plaintiff pleads a seizure when he alleges that a police officer "held on to" his identification and ordered him to "stay put" while the police officer wrote out a summons).

4

Fourth Amendment 'seizure' is . . . a difficult issue and one that has not yet been resolved in this Circuit." Dorman v. Castro, 347 F.3d 409, 411 (2d Cir. 2003) (emphasis in original) (per curiam).

**I**

"We review a district court's decision to grant summary judgment de novo, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (internal quotation marks, citation, and brackets omitted); see also Fed. R. Civ. P. 56(c).

A Section 1983 claim requires a showing that the plaintiff was deprived of "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Section 1983 claims of deprivations of liberty related to criminal prosecutions implicate the Fourth Amendment right to be free of unreasonable seizure of the person. See Albright v. Oliver, 510 U.S. 266, 271, 274 (1994); Singer v. Fulton County Sheriff, 63 F.3d 110, 115 (2d Cir. 1995) ("[T]he Fourth Amendment is the proper source of constitutional protection for claims, such as malicious

prosecution, that implicate a person's liberty interest in respect of criminal prosecutions (and, in particular, one's pretrial liberty).").  Accordingly, a plaintiff asserting such a claim must "show some deprivation of liberty consistent with the concept of 'seizure.'"  Singer, 63 F.3d at 116.


**II**

In a one-Justice concurrence in Albright, Justice Ginsburg opined that restrictive conditions of pretrial release on a felony charge constitute a Fourth Amendment seizure:

> A person facing serious criminal charges is hardly freed from the state's control upon his release from a police officer's physical grip.  He is required to appear in court at the state's command.  He is often subject, as in this case, to the condition that he seek formal permission from the court (at significant expense) before exercising what would otherwise be his unquestioned right to travel outside the jurisdiction.  Pending prosecution, his employment prospects may be diminished severely, he may suffer reputational harm, and he will experience the financial and emotional strain of preparing a defense.
>
> A defendant incarcerated until trial no doubt suffers greater burdens.  That difference, however, should not lead to the conclusion that a defendant released pretrial is not still "seized" in the constitutionally relevant sense.  Such a

6

defendant is scarcely at liberty; he remains apprehended, arrested in his movements, indeed "seized" for trial, so long as he is bound to appear in court and answer the state's charges. He is equally bound to appear, and is hence "seized" for trial, when the state employs the less strong-arm means of a summons in lieu of arrest to secure his presence in court.

Albright, 510 U.S. at 278-79 (Ginsburg, J., concurring).

In Murphy v. Lynn, 118 F.3d 938 (2d Cir. 1997), a defendant accused of offenses that included two felonies was released post-arraignment, but was ordered "not [to] leave the State of New York pending resolution of the charges against him," thereby restricting his "constitutional right to travel outside of the state," and was "obligated to appear in court in connection with those charges whenever his attendance was required" (culminating in "some eight [appearances] during the year in which his criminal proceeding was pending"). Murphy, 118 F.3d at 946. We ruled that these "restrictions imposed on Murphy constituted a seizure within the meaning of the Fourth Amendment."[4] Id.

---

[4] At oral argument, Burg's counsel relied heavily on Rohman v. New York City Transit Authority, 215 F.3d 208 (2d Cir. 2000), in which the conditions of post-arraignment release required the plaintiff to remain in New York and to "return to court on at least five occasions before the charges against him were ultimately dropped." Rohman, 215 F.3d at 216. Such restrictions were said to "sufficiently demonstrate[] the requisite post-arraignment restraint of

7

In the wake of Murphy, the district courts in this Circuit have divided on whether a summons requiring a later court appearance--without further restraint--amounts to a Fourth Amendment seizure.[5]

---

liberty." Id. However, this observation was arguably dicta because the Court ultimately determined that the defendant was entitled to summary judgment on qualified immunity grounds. Id.

[5] Compare Bissinger v. City of New York, Nos. 06 Civ. 2325(WHP), 06 Civ. 2326(WHP), 2007 WL 2826756, at *7-8 (S.D.N.Y. Sept. 24, 2007) ("[A] pre-arraignment summons and court appearance do not qualify as a seizure for purposes of a malicious prosecution claim."), Nadeau v. Anthony, No. 3:03C00834(AWT), 2007 WL 201246, at *5 (D. Conn. Jan. 24, 2007) (determining that a summons sent by mail was not a deprivation of liberty because the plaintiff "was never taken into custody or detained prior to the arraignment"), and Zak v. Robertson, 249 F. Supp. 2d 203, 207 (D. Conn. 2003) ("Although the Second Circuit has not directly addressed whether or not the issuance of a summons and complaint, coupled with the requirement that an individual appear in court, constitutes a seizure, the weight of authority holds that it is not."), with Dorman v. Castro, 214 F. Supp. 2d 299, 308 (E.D.N.Y. 2002) ("[T]he mere issuance of an appearance ticket, without any restraint on travel, is a sufficient restraint of liberty to constitute a 'seizure' under the Fourth Amendment."), aff'd on other grounds, 347 F.3d 409, 411 (2d Cir. 2003) (per curiam), Kirk v. Metro. Transp. Auth., No. 99 CIV 3787(RWS), 2001 WL 258605, at *15 (S.D.N.Y. Mar. 14, 2001) (concluding that although the plaintiff's post-arraignment "ability to travel out of the jurisdiction was not restricted when he was released on his own recognizance, the fact that he was required to appear in court on at least three occasions or face the issuance of a bench warrant rendered him effectively seized"), and Kirton v. Hassel, No. 96 CV

8

We hold that the issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure.  This summons does no more than require Burg to appear in court on a single occasion, and operates to effectuate due process.  There is no restriction on travel, which mattered in Murphy.  Moreover, in Murphy, there were eight court appearances, not the single appearance required by the summons issued by Gosselin.  The number of appearances may bear upon whether there was a seizure-- though it is hard to see how multiple appearances required by a court, or for the convenience of the person answering the summons, can be attributed to the conduct of the officer who issues it.  Cf. Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986) (requiring the personal involvement of the defendant in a Section 1983 action and determining that "[t]he filing of a false [misbehavior] report does not, of itself, implicate the [prison] guard who filed it in constitutional violations which occur at a subsequent

1371(SJ), 1998 WL 146701, at *6 (E.D.N.Y. Mar. 25, 1998) ("It has been held that requiring a Plaintiff to make [post-arraignment] court appearances is a 'seizure' within the meaning of the Fourth Amendment.").

9

disciplinary hearing"). Finally, Burg's alleged offense was an infraction, and the summons thus does not impose the burdens, identified by Justice Ginsburg, that are imposed when "[a] person fac[es] serious criminal charges." Albright, 510 U.S. at 278 (Ginsburg, J., concurring).

**III**

Other Circuits that have considered this issue have uniformly determined that such a summons (at least one that requires no more than a single court appearance) does not constitute a Fourth Amendment seizure.

The First Circuit held that "[a]bsent any evidence that [the plaintiff] was arrested, detained, restricted in his travel, or otherwise subject to a deprivation of his liberty before the charges against him were dismissed, the fact that he was given a date to appear in court is insufficient to establish a seizure within the meaning of the Fourth Amendment." Britton v. Maloney, 196 F.3d 24, 30 (1st Cir. 1999). The court explained:

> [The plaintiff] merely received a summons in the mail. He was never arrested on the charges at issue. Nothing in the record indicates that he had to post a bond or to limit his travel before the ultimate hearing in which those charges were dismissed for want of prosecution. Although [the

10

> plaintiff] contend[ed] that the summons alone constituted a seizure because it threatened him with arrest if he failed to appear . . . [i]n our view, the Supreme Court's Fourth Amendment jurisprudence belies [the plaintiff's] claim that he was seized. The use of force is certainly not required to effect a seizure. A mere "show of authority" can suffice. Terry v. Ohio, 392 U.S. 1, 19 n.16, 88 S. Ct. 1868, 20 L.Ed.2d 889 (1968). But Terry cannot be read to mean that the issuance of a summons (any more than a testimonial subpoena or a call to jury duty) would constitute a seizure simply because it threatens a citizen with the *possibility* of confinement if he fails to appear in court.

Id. at 29-30.

The Third Circuit, in DiBella v. Borough of Beachwood, 407 F.3d 599, 602-03 (3d Cir. 2005), arrived at the same conclusion. In so doing, DiBella distinguished an earlier case, Gallo v. City of Philadelphia, 161 F.3d 217, 224 (3d Cir. 1998), in which the plaintiff was arrested, posted bond, and then was prohibited from traveling outside Pennsylvania and New Jersey, required to contact Pretrial Services on a weekly basis, and required to attend all court hearings. DiBella explained that a summons and "attendance at trial did not qualify as a Fourth Amendment seizure":

> If Gallo was a close question; here there could be no seizure significant enough to constitute a Fourth Amendment violation in support of a Section 1983 malicious prosecution action.

11

Gallo was arrested and subjected to significant pretrial restrictions. [The plaintiffs] were only issued a summons; they were never arrested; they never posted bail; they were free to travel; and they did not have to report to Pretrial Services. Their liberty was restricted only during the Municipal Court trials and the Fourth Amendment does not extend beyond the period of pretrial restrictions.

Pretrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure. [The plaintiffs] failed to state a cause of action for malicious prosecution because their attendance at trial did not qualify as a Fourth Amendment seizure.

Id. at 603 (internal quotation marks and citations omitted).[6]

The Sixth Circuit held that the issuance of a parking ticket was not a seizure. The court distinguished Justice Ginsburg's Albright concurrence and an earlier Sixth Circuit case, Bacon v. Patera, 772 F.2d 259, 265 (6th Cir. 1985):

---

[6] In a per curiam, non-precedential decision, the Fifth Circuit said that a "criminal summons . . . did not sufficiently restrain [the plaintiff's] liberty to render her seized within the meaning of the Fourth Amendment." Matherne v. Larpenter, 216 F.3d 1079 (Table), 2000 WL 729066, at *2 (5th Cir. May 8, 2000). Matherne distinguished an earlier case in which the plaintiff was deemed seized when he received a summons, "was fingerprinted, photographed, forced to sign a personal recognizance bond, required to report regularly to pretrial services, required to provide federal officers with financial and identifying information and required to obtain permission before leaving the state." Id. (describing Evans v. Ball, 168 F.3d 856, 860-61 (5th Cir. 1999)).

> Plaintiff cannot claim issuance of the traffic ticket effected a "seizure" because upon appearing to answer the charges in the ticket, he would have been afforded a trial. On the date he was issued the parking ticket, he was "free to leave." As a result, plaintiff has no § 1983 claim against [the police officer] for issuance of the ticket. It was not until he failed to appear for the hearing on the traffic citation that an arrest warrant or summons sufficient to constitute a "seizure" pursuant to Bacon v. Patera or Justice Ginsburg's concurrence in Albright v. Oliver would have been, and was in fact, issued.

DiPiero v. City of Macedonia, 180 F.3d 770, 789 (6th Cir. 1999).

The Seventh Circuit determined that the issuance of a summons by the prosecutor, an order not to leave Illinois without the permission of the court, and a required interview with a probation officer did not rise to the level of a Fourth Amendment seizure: "No court has held that a summons alone constitutes a seizure, and we conclude that a summons alone does not equal a seizure for Fourth Amendment purposes. To hold otherwise would transform every traffic ticket and jury summons into a potential Section 1983 claim." Bielanski v. County of Kane, 550 F.3d 632, 642 (7th Cir. 2008).

The Eighth Circuit, in determining that the pre-Albright conduct of a Special Agent of the Bureau of

13

Alcohol, Tobacco, and Firearms could not have violated a clearly established constitutional right (in the context of a qualified immunity analysis), observed that "[t]his circuit has never held that pretrial restrictions such as [a summons and posting bond] constitute a Fourth Amendment seizure." Technical Ordnance, Inc. v. United States, 244 F.3d 641, 651 (8th Cir. 2001).

In a Ninth Circuit case, the plaintiff elected to appear at the Burbank Municipal Court (rather than be arrested), and became subject to an "Own-Recognizance Release Agreement"--which required her "to obtain permission from the court before leaving the state of California" and "to appear in court three weeks hence (presumably for arraignment or trial) and at all other times and places ordered by the court." Karam v. City of Burbank, 352 F.3d 1188, 1191 (9th Cir. 2003) (internal quotation marks omitted). The Ninth Circuit observed that "[c]ases decided by our sister circuits in which they have concluded there was a seizure incident to a pre-trial release have involved conditions significantly more restrictive than those in the present case." Id. at 1193. The Ninth Circuit distinguished cases from other circuits, including our

14

opinion in Murphy:

> Karam was not charged with a felony.  She was not required to report to anyone.  All she had to do was show up for court appearances and obtain permission from the court if she wanted to leave the state.  Obtaining such permission, while not burden-free, posed much less of a burden to her than it would to a person charged with a felony.  And, with regard to the requirement to appear in court, that was no more burdensome than the promise a motorist makes when issued a traffic citation.  In sum, [the plaintiff's] release restrictions were de minimis.  No Fourth Amendment seizure occurred.

Id. at 1194 (internal citation omitted).

The Tenth Circuit held that "the mere issuance of a citation requiring presence at future legal proceedings does not qualify as a constitutional 'seizure.'"  Martinez v. Carr, 479 F.3d 1292, 1299 (10th Cir. 2007).  A contrary ruling "would surely disincentivize the use of citations, at least to a certain degree, a result inconsistent with the desire to mitigate intrusiveness on private citizens and recent efforts to encourage the use of citation in lieu of arrest procedure."  Id. at 1297.

Finally, the Eleventh Circuit ruled that conditions of pretrial release did not amount to a seizure.  See Kingsland v. City of Miami, 382 F.3d 1220, 1236 (11th Cir. 2004).  After her automobile accident with an off-duty police

15

officer, the plaintiff was "handcuffed, transported to the Dade County jail, and charged with DUI.  Her father posted a $1,000.00 bond the following day, and she was subsequently arraigned on charges of careless driving, reckless driving, and DUI.  [The plaintiff] made two trips from New Jersey to Florida to appear in court on these charges."  Id. at 1223-25.

We therefore are joining a consensus of appellate courts in holding that a pre-arraignment, non-felony summons requiring no more than a later court appearance does not constitute a Fourth Amendment seizure.

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the district court.

16