10-1156-cv
Low Carbon Processors, LLC v. Kennametal, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand eleven,

Present:     ROSEMARY S. POOLER,
             ROBERT A. KATZMANN,
             RICHARD C. WESLEY,
                  *Circuit Judges*.

_____

LOW CARBON PROCESSORS, LLC,

                  *Plaintiff-Appellant*,

          -v.-                                      10-1156-cv

KENNAMETAL, INC.,

                  *Defendant-Appellee*.

_____

For Appellant:       Richard A. Cohen, Cohen & Cohen, Utica, NY.

For Appellee:        James A. Resila, Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., Albany, NY.

          Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said district court be and hereby is **AFFIRMED**.

Appellant, a corporation that assists manufacturing companies with recycling their scrap metal, appeals an order of the district court (Hurd, *J.*) granting summary judgment to Appellees on the ground, inter alia, that Appellant failed to raise an issue of material fact with respect to Appellees' alleged breach of a confidentiality agreement. We assume the parties' familiarity with the underlying facts, procedural history and issues presented on appeal.

We review an award of summary judgment de novo, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (citing *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

Appellant maintains that Appellee breached a confidentiality agreement by disclosing the prices Appellant was willing to pay for scrap metal and the markets in which Appellant operated. In support of its motion for summary judgment, Appellee submitted testimony from the two individuals purported to have firsthand knowledge of the alleged breach, both of whom denied ever having discussed anything relating to Appellant or its scrap metal business. Appellant produced no evidence calling into question the veracity of their testimony, nor did Appellant come forward with any other direct evidence of its own.

Rather, Appellant argues that the similarity between the third party's price for scrap metal and Appellant's price for scrap metal plainly indicates that there was a breach of the confidentiality agreement. The district court held that this circumstantial evidence was insufficient to create a genuine issue of disputed fact because (1) Appellant did not establish that knowledge of the pricing and market information was known exclusively by Appellant; (2) the prices offered by Appellant and the third party were not identical; and (3) Appellant failed to show that knowledge of Appellant's pricing information was the only way to obtain a price similar to that offered by Appellant. *Low Carbon Processors, LLC v. Kennametal, Inc.*, 693 F. Supp. 2d 191, 196-97 (N.D.N.Y. 2010).

We find no error in the district court's thoughtful and well-reasoned opinion and affirm for substantially the reasons stated by the district court. We have considered Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2