10-3230-cv
Forsythe v. N.Y.C. Dep't of Citywide Admin. Servs.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of June, two thousand eleven.

PRESENT:  CHESTER J. STRAUB,
    REENA RAGGI,
    RICHARD C. WESLEY,
     *Circuit Judges.*

------------------------------------------------------------------------

EARL FORSYTHE,
   *Plaintiff-Appellant*,

   -v.-             No. 10-3230-cv

NEW YORK CITY DEPARTMENT OF CITYWIDE
ADMINISTRATIVE SERVICES,
   *Defendant-Appellee*.[*]

------------------------------------------------------------------------

FOR APPELLANT:    Earl Forsythe, *pro se*, New York, New York.

FOR APPELLEE:    Julie Steiner, Senior Counsel, Appeals Division, New York City Law Department, New York, New York.

---

[*] The Clerk of Court is directed to amend the caption to read as shown above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Frank Maas, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the July 17, 2010 judgment is AFFIRMED.

Pro se plaintiff Earl Forsythe appeals from an award of summary judgment in favor of defendant New York City Department of Citywide Administrative Services ("DCAS") on his Title VII claim of employment discrimination. See 42 U.S.C. § 2000e et seq. We review an award of summary judgment de novo, applying the three-step analysis established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). We will uphold such an award only if the record reveals no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). In applying these standards, we assume the parties' familiarity with the facts and procedural history of the case.

On an independent review of the record, we conclude that summary judgment was correctly entered in favor of defendant for the reasons stated by the district court in its thorough opinion. We note only that Forsythe's failure to adduce any evidence to support his conclusory allegation that a "ban-list" existed precluding African-Americans from working at certain DCAS sites reinforces the conclusion that his claim fails at the first step of McDonnell Douglas analysis. See Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

We have considered Forsythe's remaining arguments on appeal and conclude that they are without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court