11-4581-cv
*Rogart v. Eli Lilly & Co.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges.*

RICHARD D. ROGART,

> *Plaintiff-Appellant*,

GEORGE T. PAULE, JR.,

> *Plaintiff*,
>
> v.                                                          No. 11-4581-cv

ELI LILLY & CO.,

> *Defendant-Appellee.*

**FOR PLAINTIFF-APPELLANT:**          Paul T. Boudreaux, Richardson Richardson
                                       Boudreaux Keesling, PLLC, Tulsa, OK.

**FOR DEFENDANT-APPELLEE:**                    Nina M. Gussack, Kenneth J. King, Adam B.
Michaels, and Christopher J. Casalenuovo,
Pepper Hamilton LLP, Philadelphia, PA.and
New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New
York (Jack B. Weinstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED** that the District Court's September 20, 2011 judgment is
**AFFIRMED**.

This action is the most recent of many appeals arising from the complex multidistrict
litigation involving personal injuries allegedly caused by Zyprexa, a drug manufactured by defendant
Eli Lilly & Co. ("Eli Lilly"). Plaintiff-appellant Richard D. Rogart appeals from an award of
summary judgment in favor of Eli Lilly, and he argues that the District Court erred by determining
that his claim was barred by the applicable statute of limitations.

We review an order granting summary judgment *de novo* and "resolv[e] all ambiguities and
draw[] all permissible factual inferences in favor of the party against whom summary judgment is
sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266
(2d Cir. 2009)); Fed. R. Civ. P. 56. We assume the parties' familiarity with the facts of prior
proceedings in this action, which we reference only as necessary to explain our decision to affirm.

## BACKGROUND

Rogart, a resident of Virginia, commenced this action against Eli Lilly in the Southern
District of Illinois on February 28, 2006. On February 13, 2007, the case was transferred to the
Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation.
The parties agree that Virginia law governs Rogart's claims, and the District Court applied Virginia
law.

Rogart was first diagnosed with diabetes in the late 1980s or early 1990s. He first began
taking Zyprexa on July 22, 1997, and continued taking the drug until late 2001, when his psychiatrist,
Dr. Edward Curcio, discontinued the medication due in part to concerns about weight gain. During
the four years that Rogart took Zyprexa, he claims that his glycemic control worsened and that, by
the end of 2000, he had developed certain diabetes-related complications, including diabetic
neuropathy, diabetic gastroparesis, and diabetic retinopathy.

## DISCUSSION

Under Virginia law, product liability claims are governed by a two-year statute of limitations, Va. Code § 8.01-243, and the limitations period begins to run "from the date the injury is sustained . . . and not when the resulting damage is discovered," *id.* § 8.01-230. As Rogart's injuries were diagnosed by the end of 2000, absent tolling, the limitations period would have run by the end of 2002—more than three years before Rogart filed this action on February 28, 2006.

On appeal, Rogart argues that the statute of limitations period should have been tolled because Eli Lilly intentionally concealed the discovery of his cause of action. Rogart is correct that "'a statute of limitations is tolled [under Virginia law] until a person intentionally misled by a putative defendant could reasonably discover the wrongdoing and bring action to redress it.'" *Resolution Trust Corp. v. Walde*, 856 F. Supp. 281, 286 (E.D. Va. 1994) (quoting *F.D.I.C. v. Cocke*, 7 F.3d 396, 402 (4th Cir. 1993)). But even assuming that Eli Lilly intentionally concealed the discovery of Rogart's claims, the District Court correctly held that the statute of limitations still barred this action because Rogart "could have reasonably discovered the wrongdoing and brought action to redress it as early as 2001, and certainly no later than April 2003." Indeed, the record demonstrates, *inter alia*, that: (1) Rogart's doctor stopped prescribing Zyprexa to him in 2001 due to weight gain, (2) in 2001, Rogart's wife, a board-certified internist, was concerned that Rogart's weight gain, which she linked to Zyprexa, was affecting his diabetes control, and (3) in April 2003, Rogart received a report from a consulting psychiatrist, Dr. Donald Rosenstein, advising him that using Zyprexa (or other antipsychotic drugs) would require close monitoring of his diabetic status. This evidence amply supports the District Court's conclusion that any alleged intentional concealment cannot salvage Rogart's claims because he knew, or should have known, that he had a cause of action more than two years before he filed this action.

## CONCLUSION

We have considered all of Rogart's arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court