12-3661-cv
*Rosario v. New York City Dep't of Educ.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand thirteen.

PRESENT:

> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
>  *Circuit Judges.*

─────────────────────────────────────

LUCIANO ROSARIO,

>  *Plaintiff-Appellant,*

>  v.                            No. 12-3661

NEW YORK CITY DEPARTMENT OF EDUCATION

>  *Defendant-Appellee,*

─────────────────────────────────────

**FOR PLAINTIFF-APPELLANT:**           Luciano Rosario, *pro se*, Bronx, NY.


**FOR DEFENDANT-APPELLEE:**          Francis F. Caputo, Karen M. Griffin, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from an August 7, 2012 judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Luciano Rosario, proceeding *pro se*, appeals the District Court's judgment dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), his claim for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo* and "'resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Burg v. Gosselin,* 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord,* 554 F.3d 255, 266 (2d Cir. 2009)). Summary judgment is appropriate "only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

Having conducted an independent and *de novo* review of the record, we conclude that the District Court properly dismissed Rosario's claims. We affirm substantially for the reasons stated by Judge Engelmayer in his comprehensive opinion of August 3, 2012. *See Rosario v. N.Y.C. Dep't of Educ.*, No. 10 Civ. 6160(PAE), 2012 WL 3155029 (S.D.N.Y. Aug. 3, 2012).

## CONCLUSION

We have considered all of Rosario's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court