13-1196-pr
*Taylor v. Goorde*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand thirteen.

PRESENT:
> José A. Cabranes,
> Richard C. Wesley,
> Peter W. Hall.
> > *Circuit Judges.*

---

Terrence Taylor,

> *Plaintiff-Appellant,*

> v.                                                      No. 13-1196-pr

Glenn S. Goorde, Commissioner of NYSDOCS, individually and officially, Lester Wright, Deputy Commissioner, Chief Medical Officer for NYSDOCS, individually and officially, Graham, Superintendent, Auburn Correctional Facility, individually and officially, Pang Kooi, Chief Medical Doctor at Auburn Correctional Facility, individually and officially, J. Dolan, Doctor at Auburn Correctional Facility, individually and officially, Nancy Ryerson, Nurse Administrator at Auburn Correctional Facility, individually and officially, J. Barette,

REGISTERED NURSE AT AUBURN
CORRECTIONAL FACILITY, INDIVIDUAL AND
OFFICIALLY, P.A. LAUX, PHYSICIAN'S
ASSISTANT, AUBURN CORRECTIONAL
FACILITY, INDIVIDUAL AND IFFICIALY
CAPACITY,

        *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**         Terrence Taylor, *pro se*, Stormville, NY.

**FOR DEFENDANTS-APPELLEES:**      Robert M. Goldfarb, Assistant Solicitor
                                         General (Barbara D. Underwood, Solicitor
                                         General, Andrea Oser, Deputy Solicitor
                                         General, *on the brief*), *for* Eric T. Schneiderman,
                                         Attorney General of the State of New York,
                                         Albany, NY.

     Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Senior District Judge*; David E. Peebles, *Magistrate Judge*).

     **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

     Appellant Terrence Taylor, proceeding *pro se*, appeals from the District Court's entry of summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. *Taylor v. Kooi*, No. 9:09-cv-1036(FJS) (DEP), 2013 WL 1180869 (N.D.N.Y. Mar. 20, 2013), adopting the Report and Recommendation of the Magistrate Judge, 2012 WL 7784264 (N.D.N.Y. Feb. 29, 2012). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

     We review an order granting summary judgment *de novo* and "'resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Burg v. Gosselin,* 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord,* 554 F.3d 255, 266 (2d Cir. 2009) (alteration omitted)). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

     A prisoner's claim, under § 1983, that he was provided insufficient medical care, is analyzed under the Eight Amendment's prohibition of cruel and unusual punishment. *Estelle v. Gamble*, 429

U.S. 97, 101-3 (1976). "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Id.* at 104 (internal citation and quotation marks omitted). To show that he has been subjected to cruel and unusual punishment, a prisoner must satisfy a standard that includes both objective and subjective components. *See Wright*, 554 F.3d at 268. The objective component examines "the conduct's effect," *id.*, which measures whether there was a deprivation of medical care at all, and whether it was "sufficiently serious," *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006). The subjective component examines "the defendant's motive for his conduct," *Wright*, 554 F.3d at 268, which requires a showing that the defendant acted "with deliberate indifference to inmate health," *Salahuddin*, 467 F.3d at 280.

Having conducted an independent and *de novo* review of the record, we conclude that the District Court properly dismissed Taylor's claim. We hold that Taylor failed to show that defendants acted with deliberate indifference to his health, and thus did not satisfy the subjective element of the standard, substantially for the reasons stated by Magistrate Judge Peebles in his comprehensive Report and Recommendation of February 29, 2012, which was adopted by Judge Scullin in his Order of March 20, 2013. Because we conclude that Taylor has not met his burden under the subjective component, we need not address the District Court's holdings with regard to the objective criteria.

## CONCLUSION

We have considered all of Taylor's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court