13-573-cv
*Mikinberg v. Bemis Co.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand fourteen.

PRESENT:

JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

VITALIY MIKINBERG,

     *Plaintiff-Appellant,*

      -v.-                      No. 13-573-cv

BEMIS COMPANY, INC.,

     *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          LAURA DILIMETIN (Josh Beldner, *on the brief*), Law Offices of Steven A. Morelli, Garden City, NY.

**FOR DEFENDANT-APPELLEE:**          DAVID W. GARLAND (John F. Fullerton III, *on the brief*), Epstein Becker & Green, P.C., New York, NY.

Appeal from a judgment, entered January 16, 2013, of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Vitaliy Mikinberg appeals from the judgment of the District Court granting summary judgment in favor of defendant Bemis Company, Inc. ("Bemis"). Mikinberg's suit alleged that Bemis unlawfully discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), and the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL").[1]

We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review, which we reference only as necessary to explain our decision to affirm.

## DISCUSSION

We review *de novo* an order granting summary judgment and "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal alterations and quotation marks omitted). We affirm when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks and citation omitted).

We analyze claims of discrimination under the ADEA under the three-step burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010). At the third step, "'a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that *age was the 'but-for' cause* of the challenged adverse employment action' and not just a contributing or motivating factor." *Id.* at 106 (emphasis added) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)).

As to the New York state law claim, we have assumed, without deciding, that the ADEA's "but for" standard of causation also applies to age discrimination claims brought under the NYSHRL. *Gorzynski*, 596 F.3d at 106 n.6. The New York courts have yet to rule definitively on this

---

[1] Mikinberg's initial complaint also asserted claims under the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.* ("NYCHRL"). However, he conceded below that those claims should be dismissed, *see* Joint App'x 55, and did not assert them in his amended complaint, *see id.* at 29. Mikinberg has not addressed the NYCHRL claims on appeal.

2

issue. *See, e.g.*, *DeKenipp v. New York*, 97 A.D.3d 1068, 1069–70 (3d Dep't 2012). We need not resolve this issue here, because, even if we applied the less stringent Title VII analysis and required only that age was a "motivating factor," we would still conclude that Mikinberg had not proffered sufficient evidence of pretext.

Upon an independent review of the record, viewing all evidence in the light most favorable to Mikinberg, we agree with the District Court and hold that he has not presented sufficient evidence of pretext to "allow a reasonable juror to find that age was a but-for cause of, or even a motivating factor for, his termination." *Mikinberg v. Bemis Co.*, No. 12-cv-850 (KBF), 2013 WL 154246, at *5 (S.D.N.Y. Jan. 15, 2013). We reach this conclusion substantially for the reasons stated by the District Court in its well-reasoned opinion of January 15, 2013.

The District Court assumed for the sake of argument that Mikinberg had made out a *prima facie* case, but concluded that he could not ultimately meet his burden. Mikinberg worked for Bemis as an "Engineering and Maintenance Manager" in one of their packaging plants. Although Mikinberg points to several instances of a supervisor and coworkers referring to him as "old man," Bemis has put forward a legitimate, nondiscriminatory reason for his termination. Namely, on August 27, 2011, there was an accident during maintenance at the plant for which Mikinberg had supervisory responsibility. Mikinberg was not there, and one of his subordinates was injured. Bemis contends that Mikinberg should have been present during the maintenance and that he subsequently refused to take responsibility for the accident that occurred. Mikinberg was terminated less than one month after the accident and just three days after he met with his supervisors to discuss his role in the incident.[2]

Mikinberg's chief argument on appeal is that the District Court incorrectly determined that he failed to demonstrate pretext. In support of that argument, he contends that similarly-situated coworkers involved in the accident were treated differently, he was replaced by a younger employee, and that he was given two different explanations for his termination. None of these arguments has merit.

The two coworkers to whom Mikinberg points are not comparators—rather, they are his subordinates, one of whom was injured in the accident. Nor was Mikinberg replaced by a younger employee; his responsibilities were transferred to one of his subordinates and his position went unfilled.

Finally, Bemis did not give inconsistent explanations for Mikinberg's termination. Mikinberg argues that he was initially "explicitly told . . . at his exit interview that he was not being terminated due to the accident on August 27, 2011, but rather, it was due to poor performance and lack of leadership." Appellant's Br. 34. This is consistent with Bemis's later explanation that the accident

---

[2] Mikinberg also argues that, prior to the accident, he was denied his yearly raise due to his age. However, he cites only to his complaint and has proffered no admissible evidence in support of this contention.

was part of the series of events that led to Mikinberg's termination. Indeed, Bemis's stated justifications for terminating Mikinberg arise from the series of events surrounding the accident, and Mikinberg's response to it, but not the fact of the accident itself.

Bemis's contention that Mikinberg should have been at the plant on the day of the accident supports its decision to terminate him, as does Mikinberg's ongoing refusal to accept responsibility. Both are legitimate, business reasons for his termination. The sparse age-related comments to which Mikinberg points are inadequate to suggest these reasons are pretextual. Although the parties clearly disagree whether Mikinberg was properly held responsible for the accident, the evidence supports an inescapable inference that the accident and its aftermath—and not Mikinberg's age— were the primary or even sole reason for his termination.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the judgment of the District Court, entered January 16, 2013.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4