14-547-cv
*Amphenol Corp. v. Paul*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand fifteen.

PRESENT:   JOSÉ A. CABRANES,
           CHESTER J. STRAUB,
           DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

---

AMPHENOL CORPORATION,

     *Plaintiff-Appellant*,

        v.                                      No. 14-547-cv

RICHARD PAUL,

     *Defendant-Appellee*,

TE CONNECTIVITY, LTD.,

     *Defendant*.

---

**FOR PLAINTIFF-APPELLANT:**      JAMES L. BEAUSOLEIL, JR. (Robert M. Palumbos, *on the brief*) Duane Morris LLP, Philadelphia, PA.

**FOR DEFENDANT-APPELLEE:**       LINDA L. MORKAN (Nuala E. Droney, Ian T. Clarke-Fisher, *on the brief*), Robinson & Cole LLP, Hartford, CT.

Appeal from orders of February 21, 2013 and January 24, 2014 of the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be and hereby are **AFFIRMED**.

Plaintiff-appellant Amphenol Corporation appeals the District Court's January 24, 2014 orders granting summary judgment to defendant Richard Paul and denying plaintiff's motion for attorney's fees, as well as a prior discovery order of February 21, 2013 applicable to subpoena recipient TE Connectivity, Ltd ("TE"). Amphenol had asserted multiple claims against its former employee Paul for breach of contract, misappropriation of trade secrets, breach of fiduciary duty, unfair competition, and violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), all arising from misconduct allegedly committed when Paul resigned from Amphenol and accepted employment with TE. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* an order granting summary judgment and "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). "A defendant is entitled to summary judgment where the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim on which the plaintiff[] bear[s] the burden of proof." *Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) (quotation marks and alterations omitted). "[C]onclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). Because Amphenol's motion for attorney's fees turns upon an interpretation of a governing contract, we also review the District Court's denial of fees *de novo*. *Carco Grp., Inc. v. Maconachy*, 718 F.3d 72, 79-80 (2d Cir. 2013).

On appeal, plaintiff challenges the dismissal of its breach of contract claim on the grounds that Paul failed to return to Amphenol all confidential information in his possession pursuant to the Intellectual Property Agreement ("IPA") and that Paul breached the non-compete provisions of the IPA and other agreements (the "Shareholder's Agreements") in the course of his employment with a competitor. However, Amphenol's Amended Complaint did not allege that he breached the IPA by failing to return documents to Amphenol. Rather, it alleged only that he breached the IPA and Shareholder's Agreements by engaging or attempting to engage in the development of competitive products, and by *disclosing* or *using* its confidential information. *See* Dist. Ct. Dkt., ECF #36, Amended Complaint, at ¶¶ 85-90 (Jun. 4, 2012). Upon *de novo* review of the record, we agree with the District Court that Amphenol has failed to demonstrate that Paul engaged in any of these alleged violations. As the District Court explained, although the email traffic suggested that Paul "may not have been abundantly cautious," the evidence "fail[ed] to demonstrate that he directly, or even indirectly, engaged in the production, development, sale or distribution of the [TE or Deutsch] products" allegedly competitive with Amphenol products. *Amphenol Corp. v. Paul*, 993 F. Supp. 2d 100, 107 (D. Conn. 2014).

2

We also affirm, upon *de novo* review, the District Court's holding with respect to Amphenol's CFAA claim. The CFAA creates a civil cause of action against a defendant who "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer" or a defendant who "knowingly and with intent to defraud, accesses a protected computer without authorization or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value [in excess of $5,000]." 18 U.S.C. § 1030(a)(2)(c) and (a)(4).

Amphenol alleges that Paul violated the CFAA by "exceed[ing] his authorized access" pursuant to the IPA when, prior to his departure from Amphenol, Paul downloaded electronic material that "had no pertinence whatsoever to his specific job duties."[1] Appellant's Br. at 41. Amphenol has failed, however, to present sufficient, specific evidence regarding what data, if any, fell outside the scope of Paul's authorization at the time he downloaded it. Rather, the limited evidence Amphenol cites in support of its CFAA claim—in the form of certain conclusory assertions in an Amphenol executive's affidavit—may instead undermine plaintiff's position by emphasizing that, on the contrary, Paul "had full access to strategic confidential company information." App'x at 86; Appellant's Reply Br. at 21. Because Amphenol's CFAA claim rests on mere "conclusory statements," the District Court properly granted summary judgment on this cause of action. *See Davis*, 316 F.3d at 100.

The District Court also properly denied Amphenol's motion for attorney's fees. Interpreting the operative section of the IPA as a whole, *see Postlewaite v. McGraw-Hill, Inc.*, 411 F.3d 63, 67 (2d Cir. 2005), we conclude that Paul would only have been obligated to reimburse Amphenol's attorney's fees "in the event of a breach by [Paul]," *see* App'x at 46. Having already determined that Amphenol did not sufficiently establish the condition precedent—*i.e.*, a breach of contract by Paul—we accordingly conclude that Amphenol was not contractually entitled to attorney's fees.

Finally, we affirm the District Court's ruling on Amphenol's motion to compel discovery, which we review for abuse of discretion. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010). A district court abuses its discretion "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations and quotation marks omitted). In light of the District Court's comprehensive *in camera* review of sensitive business material, and mindful of its "broad latitude to determine the scope of

---

[1] The District Court's opinion and the parties' briefing devoted considerable attention to the issue of whether the CFAA applies to an authorized individual's later misappropriation or misuse of a former employer's confidential information. *See Amphenol Corp.*, 993 F. Supp. 2d at 108-10; Appellant's Br. at 41-45; Appellee's Br. at 37-44. On appeal, however, Amphenol has specifically disclaimed any misuse theory. *See* Appellant's Reply Br. at 22 ("Amphenol has never argued that the CFAA violation at issue rests upon Paul's later misuse of confidential information"). Accordingly, we need not reach the question of the CFAA's application to misuse or misappropriation claims here.

discovery," we find no reason to disturb its discovery order here. *EM LTD. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012).

## CONCLUSION

We have considered all of the arguments raised by plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the District Court's orders.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk