14-1281
*Joseph v. Owens & Minor Distribution, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand fifteen.

PRESENT:

AMALYA L. KEARSE,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,

*Circuit Judges.*

_____

HANCY P. JOSEPH,

*Plaintiff-Appellant,*

-v.-                                            No. 14-1281

OWENS AND MINOR DISTRIBUTION, INC.,

*Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:           Alexander Martin Dudelson, Law Offices of Alexander M. Dudelson, Brooklyn, NY.

FOR DEFENDANT-APPELLEE:          Ira G. Rosenstein, Ashley J. Hale, Morgan, Lewis & Bockius LLP, New York, NY.

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Hancy P. Joseph ("Joseph") worked for Defendant-Appellee Owens & Minor Distribution, Inc. ("O&M") from February 2008 until the company fired him in October 2010. A year later, on October 28, 2011, Joseph filed suit against O&M in the United States District Court for the Eastern District of New York, claiming that the company violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y. Admin. Code § 8-101 *et seq.* ("NYCHRL"). Joseph alleged, *inter alia*, that O&M discriminated against him on the basis of race and nationality when it decided to end his employment. After discovery, O&M moved for summary judgment on all of Joseph's claims. The district court (Brodie, *J.*) granted the motion on March 24, 2014. *Joseph v. Owens & Minor Distrib., Inc.*, 5 F. Supp. 3d 295 (E.D.N.Y. 2014). This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court "review[s] a district court's decision to grant summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We analyze Joseph's discrimination claims under Title VII and the NYSHRL using the

2

familiar burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See, e.g.*, *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001). Under that three-step test, "the plaintiff bears the initial burden of establishing a prima facie case of discrimination." *Holcomb v. Iona College*, 521 F.3d 130, 138 (2d Cir. 2008). "If the plaintiff does so, the burden shifts to the defendant to articulate some legitimate, non-discriminatory reason for its action." *Id.* (internal quotation marks omitted). Once the defendant provides such a reason, the burden shifts back to the plaintiff to show that the defendant's explanation was not the only reason for the employment decision "and that [discrimination] was at least one of the motivating factors." *Id.* (quoting *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 203 (2d Cir. 1995)) (internal quotation marks omitted).

We agree with the district court's decision that O&M proferred a legitimate reason for firing Joseph and that the record contains no evidence from which a reasonable jury could conclude that the company's decision was motivated by discrimination on the basis of race or nationality. *See Joseph*, 5 F. Supp. 3d at 313-15.[1] On September 22, 2010, Joseph had a dispute with a client at New York Methodist Hospital. The client called Joseph's supervisor, David White, during the quarrel. White knew that Joseph had a history of disputes with clients and, hearing him over the phone, found his tone to be "inappropriate . . . and of deep concern." J.A. 174. Later that day, the client left White a voicemail explaining that he would not be able to work with Joseph in the future. After being unable to find a new assignment for Joseph, White fired him. Joseph does not deny that the dispute occurred or that it could serve as a legitimate, nondiscriminatory basis for termination. *See*

---

[1] Because we affirm the district court's conclusion that Joseph failed to raise a genuine dispute of material fact about whether O&M's firing decision was a pretext for discrimination, we need not and do not decide whether Joseph stated a *prima facie* case of discrimination.

3

*Holt v. KMI-Continental, Inc.*, 95 F.3d 123, 130 (2d Cir. 1996) (finding "complaints by clients" to be a "legitimate reason[] for firing an employee"). Nor does he allege that White or the client at New York Methodist Hospital harbored discriminatory intent. *See Grillo v. N.Y.C. Transit Auth.*, 291 F.3d 231, 235 (2d Cir. 2002). Instead, he counters O&M's explanation by arguing that the company's decision was actually related to an earlier dispute he had with a co-worker, Mark Davis, who had allegedly made discriminatory remarks to Joseph in the past. *See, e.g.*, *Rose v. N.Y.C. Bd. of Educ.*, 257 F.3d 156, 162 (2d Cir. 2001) (noting that discriminatory statements came from plaintiff's "immediate supervisor, who had enormous influence in the decision-making process"); *Collins v. N.Y.C. Transit Auth.*, 305 F.3d 113, 119 (2d Cir. 2002). But Davis did not supervise Joseph, and Joseph proferred no evidence that Davis had any input into O&M's decision to fire him. Even assuming that the discriminatory motive of an employee without supervisory authority can serve as the basis for a discriminatory termination claim, it cannot do so where, as here, no evidence in the record links that employee to the employment decision. Because Joseph did not produce evidence to rebut O&M's legitimate, nondiscriminatory explanation for firing him, the district court properly granted summary judgment on his Title VII and NYSHRL claims.

Joseph's discrimination claim under the NYCHRL is evaluated separately from his state and federal claims, and O&M is entitled to summary judgment only if it presents "evidence of its legitimate, non-discriminatory motives" and "the record establishes as a matter of law that discrimination played *no* role in its actions." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108-09, 110 n.8 (2d Cir. 2013) (alterations and internal quotation marks omitted). Given the record in this case, Joseph's claim also fails under this standard.

4

We have reviewed the Appellant's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk