14-3710-cv
*Donna Scarpinati de Oliveira v. Cairo-Durham Central School District, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand sixteen.

PRESENT: JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
DENNY CHIN,
            *Circuit Judges.*

---

DONNA SCARPINATI DE OLIVEIRA,

        *Plaintiff-Appellant,*

                v.                                              No. 14-3710-cv

CAIRO-DURHAM CENTRAL SCHOOL DISTRICT,
CAIRO-DURHAM BOARD OF EDUCATION,
CAIRO-DURHAM TEACHERS' ASSOCIATION, SUSAN
KUSMINSKY, Individually and as President of the Board
of Education as aider and abettor, JUSTIN KARKER,
Individually and as President of the Cairo-Durham
Teachers' Association as aider and abettor, SALLY
SHARKEY, Individually and as Superintendent of School
as aider and abettor,

        *Defendants-Appellees.*[*]

---

[*] The Clerk of Court is directed to amend the caption of the order as set forth above.

**FOR PLAINTIFF-APPELLANT:** PHILLIP G. STECK (Carlo A. C. de Oliveira, *on the brief*), Cooper Erving & Savage LLP, Albany, NY.

**FOR DEFENDANTS-APPELLEES CAIRO-DURHAM CENTRAL SCHOOL DISTRICT, CAIRO-DURHAM BOARD OF EDUCATION, SUSAN KUSMINSKY, AND SALLY SHARKEY:** RYAN P. MULLAHY (Patrick J. Fitzgerald III, *on the brief*), Girvin & Ferlazzo, P.C., Albany, NY.

**FOR DEFENDANTS-APPELLEES CAIRO-DURHAM TEACHERS' ASSOCIATION AND JUSTIN KARKER:** ANTHONY J. BROCK (Richard E. Casagrande, *on the brief*), Office of General Counsel, New York State United Teachers, Latham, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** in part, and **VACATED** in part, and the cause is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Donna Scarpinati de Oliveira, an elementary-school teacher formerly employed by defendant Cairo-Durham Central School District, appeals a September 30, 2014 order of the District Court granting summary judgment to defendants and denying summary judgment to plaintiff. Plaintiff asserted claims against defendants Cairo-Durham Central School District (the "District") and its superintendent Sally Sharkey, Cairo-Durham Board of Education and its president Susan Kusminsky, and Cairo-Durham Teachers' Association and its president Justin Karker, arising out of plaintiff's dismissal from the District, due to inferior seniority status, as part of budget-driven layoffs.

On appeal, plaintiff challenges the dismissal of her claims arising under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"); Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"); 42 U.S.C. § 1983 ("Section 1983"); and Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–88 ("Title IX"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* an order granting summary judgment and "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). "A defendant is entitled to summary judgment where the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim on which the plaintiff[] bear[s] the burden of proof." *Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) (alterations and internal quotation marks omitted). "[C]onclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Upon *de novo* review of the record on appeal and upon consideration of the arguments advanced by the parties, substantially for the reasons set forth in the District Court's well-reasoned September 30, 2014 opinion, *see De Oliveira v. Cairo-Durham Cent. Sch. Dist.*, No. 11-cv-393 (NAM/RFT), 2014 WL 4900403 (N.D.N.Y. Sept. 30, 2014), we affirm insofar as the judgment of the District Court denied plaintiff's motion for summary judgment, and also insofar as it granted defendants' motions for summary judgment with respect to the FMLA interference and retaliation claims—except the failure-to-provide-notice interference claim—as well as the Title VII claim, PDA claim, Section 1983 claim, and Title IX claim; but we vacate the District Court's grant of summary judgment to defendants with respect to plaintiff's failure-to-provide-notice interference claim under the FMLA.

With respect to plaintiff's failure-to-provide-notice interference claim under the FMLA, we conclude that the District Court erred in granting defendants summary judgment. Under 29 C.F.R. § 825.604, "established school board policies and practices . . . and collective bargaining agreements," among other things, govern "[t]he determination of how an employee is to be restored to an equivalent position upon return from FMLA leave." 29 C.F.R. § 825.604 (internal quotation marks omitted). Moreover, "[t]he established policies and collective bargaining agreements used as a basis for restoration must be in writing, must be made known to the employee prior to the taking of FMLA leave, and must clearly explain the employee's restoration rights upon return from leave." *Id.* (internal quotation marks omitted).

Here, under the District's policies, practices, and agreements, plaintiff was to be restored to an equivalent position after FMLA leave but would not continue to accrue service credit during *unpaid* FMLA leave. Although this policy did not, as plaintiff argues, diminish plaintiff's restoration rights upon her return—indeed, she retained the same tenure she held before taking unpaid FMLA leave, even if others increased their tenure during that time and thereby gained seniority—the policy nonetheless served as a "basis for restoration" insofar as plaintiff's restoration rights included retention of the same tenured position she held before she took unpaid FMLA leave. The District therefore had a duty under § 825.604 to inform plaintiff in writing about the policy before she took

3

FMLA leave. Having failed to do so, it violated the notice requirements of §§ 825.300(c)(1)(vi) and 825.604.

As a result, after drawing all permissible factual inferences in favor of plaintiff, we conclude that there is a genuine issue of material fact as to whether the notice violation "constitute[d] an interference with, restraint, or denial of the exercise of [plaintiff's] FMLA rights," 29 C.F.R. § 825.300(e)—for instance, whether the plaintiff would have taken unpaid FMLA leave had she been properly notified about the policy regarding restoration of tenure, *see, e.g.*, App. 848. If the failure to provide notice is found to have constituted an interference, under § 825.300(e), the "employer may be liable for compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of the violation, and for appropriate equitable or other relief, including employment, reinstatement, promotion, or any other relief tailored to the harm suffered." 29 C.F.R. § 825.300(e). We therefore vacate the District Court's judgment insofar as it granted defendants summary judgment on this claim, and we remand the cause to the District Court for further proceedings.

## CONCLUSION

Having considered all of the parties' remaining arguments, for the foregoing reasons, we **AFFIRM** the September 30, 2014 judgment of the District Court with respect to all of plaintiff's claims other than her failure-to-provide-notice interference claim under the FMLA, **VACATE** the District Court's summary judgment to defendants on that claim, and **REMAND** the cause to the District Court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk